PEOPLE v JOHNSON

Docket No. 324768. Submitted February 5, 2016, at Lansing. Decided February 18, 2016, at 9:05 a.m.

Defendant pleaded no contest in the Grand Traverse Circuit Court to assault with the intent to commit criminal sexual conduct involving sexual penetration. The court, Philip E. Rodgers, J., sentenced defendant to 17 months to 10 years of imprisonment and ordered him to pay various costs, including a fine of $200. Defendant appealed by delayed leave granted.

The Court of Appeals *held*:

The trial court erred by imposing on defendant a $200 fine because neither of the applicable statutes, MCL 750.520g(1) and MCL 769.1k(1)(b)(*i*), authorized the court to order the fine.

Vacated in part and remanded.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Robert Cooney*, Prosecuting Attorney, and *Noelle R. Moeggenberg*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*) for defendant.

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM. Defendant Marion Johnson pleaded no contest to assault with the intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). The trial court sentenced defendant to serve 17 months to 10 years in prison. He was also ordered to pay various costs, including a $200 fine,

which is the subject of this appeal.[1] Defendant appeals by delayed leave granted.[2] We vacate the portion of the judgment of sentence imposing the fine and remand for correction of the judgment of sentence.

Defendant argues that the trial court erred by imposing the $200 fine. MCL 769.1k(1)(b)(*i*) authorizes the trial court to impose "[a]ny fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty."[3] Defendant pleaded no contest to a violation of MCL 750.520g(1); that statute does not authorize the trial court to impose a fine.[4] The prosecution concedes, and we agree, that the imposition of the fine was erroneous. Because the trial court's imposition of a $200 fine violated MCL 769.1k(1)(b)(*i*), we vacate the portion of the judgment of sentence imposing a fine, and we remand this matter for correction of the judgment of sentence to reflect this change.

Vacated in part and remanded for correction of the judgment of sentence. We do not retain jurisdiction.

O'CONNELL, P.J., and OWENS and BECKERING, JJ., concurred.

---

[1] Defendant had appealed the trial court's upward departure from the sentencing guidelines, but he has since withdrawn that issue.

[2] *People v Johnson*, unpublished order of the Court of Appeals, entered March 27, 2015 (Docket No. 324768).

[3] MCL 769.1k was amended after defendant's sentencing in this case; however, this Court has already determined that the amended statute applies retroactively to judgments on appeal at the time of the Court's decision in *People v Konopka (On Remand)*, 309 Mich App 345, 357; 869 NW2d 651 (2015).

[4] As noted in *People v Cunningham*, 496 Mich 145, 149-151, 154-158; 852 NW2d 118 (2014), which interpreted the former version of MCL 769.1k dealing with court costs, a court may only impose certain financial obligations at the time of sentencing or at other times authorized by statute.